MULVILLE, ADMINISTRATOR, APPELLANT, v. THE PA-
CIFIC MUTUAL LIFE INSURANCE COMPANY
OF CALIFORNIA, RESPONDENT.

[Submitted January 6, 1897. Decided January 18, 1897.]

*Accident Insurance—Burden of Proof on Contributory Negli-
gence—Evidence—Instruction—Compromise by Public Ad-
ministrator—Presumptions.*

*Contributory Negligence.*—In an action upon an accident insurance policy, the burden is upon the defendant to prove contributory negligence, (citing *Higley* v. *Gilmer*, 3 Mont. 90; *Wall* v. *Railway Company*, 12 Mont. 44, 29 Pac. 721; *Nelson* v. *City of Helena*, 16 Mont. 21, 39 Pac. 905); this rule is not changed by an allegation in the complaint that deceased, at the time he was injured, was using due diligence for his personal safety.

*Evidence.*—In such an action, held that evidence tending to show a practice of deceased of jumping on moving trains was properly excluded.

*Same.*—Evidence having been introduced by defendant showing that the wounded man had been found between the tracks; *held* that evidence as to the space between the cars and the track was properly admitted in rebuttal, as it tended to contradict defendant's testimony; *held*, also that plaintiff has the right to introduce in rebuttal testimony on the issue of contributory negligence.

*Same.*—Plaintiff in rebuttal in order to contradict a witness of defendant offered in evidence the testimony of such witness taken at the coroner's inquest and signed and sworn to by him; to this defendant objected because it did not appear that all the testimony of the witness was taken down at that time; *held*, 1st, That the objection was properly overruled; 2nd, That, in the absence of anything to the contrary, it would be presumed that all the evidence was taken down.

*Instructions.*—The policy of insurance provided that it should not include a case where the insured sustained injuries or was killed while violating the rules of any company or corporation; no evidence was offered of any rule which deceased violated; *held*, that an instruction to the effect that if the deceased received the injuries causing his death while violating a rule of any company, defendant was not liable, was properly refused.

*Same—Contributory Negligence.*—An instruction to the effect that the plaintiff could not recover if the deceased, by any negligence on his part, caused his death, is too sweeping in its terms and was properly refused.

*Administrators—Compromise of Claims.*—Held that an order of the court authorizing an administrator to settle a claim belonging to the estate to the best possible advantage was not invalid under section 232, Probate Practice Act, Compiled Statutes 1887, section 2737, Code of Civil Procedure, 1895. The court having first determined the necessity for a compromise may authorize the administrator to settle a claim "to the best advantage possible."

*Same—Presumption.*—Held, there being no evidence to the contrary, it will be presumed that the public administrator and the court acted honestly and carefully in such a compromise; *Held*, also that it will be presumed that, before making an order allowing a compromise, the court was informed of the necessity for the same and the terms thereof.

*Same—Public Administrator.*—The public administrator has the same power to compromise claims as an administrator or executor has. (§ 350 Probate Practice Act, Compiled Statutes, 1887, § 4528, Political Code, 1895, construed.)

*Appeal from District Court, Silver Bow County; J. J. McHatton, Judge.*

Action by Samuel Mulville, administrator of the estate of Charles F. Young, deceased, against the Pacific Mutual Life Insurance Company of California. There was a verdict for plaintiff, and from an order granting defendant a new trial plaintiff appeals. Affirmed.

Statement of the facts by the justice delivering the opinion.

This action was brought in the lower court to recover the amount of an accident insurance policy taken out by one Charles F. Young in the defendant company. Young was injured by a train of cars operated by a railroad company in Silver Bow county, and died almost immediately from the effects of his injuries. Letters of administration upon his estate were issued to the public administrator, George Pascoe, of Silver Bow county, and subsequently to the present plaintiff. The complaint sets forth a cause of action under the terms of the policy. The answer sets up two defenses: First, contributory negligence on the part of the deceased Young; and, secondly, a settlement and compromise between the insurance company and the public administrator, Pascoe, while he had charge of the estate. The replication, among other things, sets forth bad faith between the public administrator, Pascoe, and the company, in the settlement and compromise. As to this portion of the replication, however, plaintiff offered no evidence. In order to maintain its second defense, the defendant offered in evidence an order of the probate judge authorizing a compromise, and a receipt from the public administrator, Pascoe. This order and receipt were as follows: "In the Probate Court of Silver Bow County, Montana Territory, March Term, 1887. Journal Entry, April 27, 1887, Journal B, Page 349. [Title of Cause.] It appearing to the satisfaction of this court that it will be for the best interest of the said estate that the claim for insurance money held under policy of insurance issued to said deceased by the Pacific

Mutual Accident Life Insurance Company of California be compromised, it is hereby ordered, and the administrator of said estate is hereby directed to settle said claim, and make a compromise with said insurance company to the best advantage possible.　Caleb E. Irvine, Probate Judge.　Dated April 27, 1887.''　The receipt reads thus :　''Office of Curtis & Majors, Attorneys at Law, Real Estate and Insurance Agents, and Mining Brokers, Money Loaned on Real Estate, and Special Attention Given to Collections.　Butte, Montana, April 27, 1887.　Received of the Pacific Mutual Life Insurance Company, by the hands of Thomas Bennett, agent for said company, the sum of two hundred dollars for any amounts now due upon policy No. 5,565 issued by the said company to one Charles F. Young on the 9th day of February, 1887, and being in full of a final settlement for said policy; and I do further acknowledge this to be a just and final settlement of the claim against said company, whom I hereby fully discharge from all obligation, of whatsoever kind or nature.　Said settlement is hereby made by the order of the probate court of Silver Bow county, Montana territory.　In witness whereof, I have hereunto set my hand and seal the day and year first above written.　[Signed] George Pascoe, Administrator of the Estate of Chas. F. Young.''　The defendant, before the case was submitted, requested the following instructions :　''Instruction No. 8.　In the policy sued on in this case, there is a provision that it shall not cover a case where the insured sustains injuries or is killed while violating the rules of any company or corporation.　Now, if you find, from the evidence, that the deceased, Charles F. Young, received the injuries which caused his death while in the act or attempt to violate the rules of any company or corporation knowingly, then the defendant is not liable under said policy of insurance, and your verdict should be for the defendant.''　''Instruction No. 15.　If the deceased, Charles F. Young, by any act of negligence on his part, caused his death, then the plaintiff cannot recover, and your verdict should be for the defendant.''　The trial resulted in a verdict for the plaintiff.

The trial court subsequently granted defendant's motion for a new trial, and from this order plaintiff appeals.

*Wm. Scallon,* for Appellant.

All the facts essential to the plaintiff's case were admitted by the answer, as they were not denied. The burden was upon the defendant to prove the alleged carelessness or negligence. (*Meadows* v. *Pacific Mutual Life Ins. Co.*, 129 Mo. 76; *Anthony* v. *Mercantile Mut. Acc. Ass'n*, 162 Mass. 354 38 N. E. 973; *Freeman* v. *Insurance Co.*, 144 Mass. 572 12 N. E. 372; *Piedmont, Etc., Life Ins. Co.* v. *Ewing,* 92 U. S. 377.) The defense is practically one of contributory negligence, the burden of which is on defendant. (*Higley* v. *Gilmer,* 3 Mont. 90; *Wall* v. *Helena St. Ry Co.*, 12 Mont. 44-56, 29 Pac. 721; *Nelson* v. *City of Helena,* 16 Mont. 21. Or of the breach of a condition subsequent, and the rule is similar. (Abbott's Trial Briefs on the Pleadings, page 172, § 189.) Besides, defendant waived the point by proceeding with its case. (*Bogk* v. *Gassert,* 149 U. S. 17, 13 S. Ct. 738.) The order of the probate court, and the Pascoe receipt were properly excluded (because, no petition was presented to the court; no notice was given; the alleged settlement was not submitted to the court). (§ 232, Probate Practice Act, 1887.) Our probate system is and was one of statutory regulations. The probate court was one of limited jurisdiction. Compliance with the statute was essential to the validity of its orders. (*Smith* v. *Westerfield,* 88 Cal. 374, 380, 26 P. 206; *Charlebois* v. *Bourdon,* 6 Mont. 373, 12 P. 775; *In re Higgins' Estate,* 15 Mont. 474, 39 P. 506; *State ex rel. Bartlett* v. *Second Judicial District,* 18 Mont. 481.) Counsel also argued that the receipt was properly excluded, for the same reason ; and because the settlement had not been reported to and authorized by the court. A public administrator has only such authority as is expressly conferred upon him by law. (*Beckett* v. *Selover,* 7 Cal. 215.) Questions and offers relating to alleged habit of deceased of getting on trains. It would have been improper to admit such testi-

mony.  It would not have proved that he had attempted to get on the train at the time of the accident.  The court said:  "I can see that the only thing that is material to the determination of this controversy, is whether or not this person was neglectful or contributed to the injuries which resulted in his death at that time; not whether he was neglectful at some other time; but only as to the transaction which occurred at the time he received the injuries."  The court was right.  (*Baker* v. *Irish*, 172 Penn. St. 528.)  Defendant's instructions Nos. 8 and 15 were properly refused.  (*Standard Life and Accident Insurance Co.* v. *Jones*, 94 Ala. 434, 10 So. 530, holding that this clause must be especially pleaded.)  Instruction No. 15 was of such a general and sweeping character as to be improper and erroneous.  It went too far.  Under it, any inadvertence, or an exposure to an unknown danger through any voluntary act, would defeat the insured.  That is not the law.  (*Keene* v. *New England Mutual Accident Association*, 161 Mass. 149, 36 N. E. 891; *Burkhard* v. *Travellers Insurance Co.*, 102 Pa. St. 262; *Scheiderer* v. *Travellers Insurance Co.* 58 Wis. 13, 16 N. W. 47.)

*Stapleton & Stapleton*, for Respondent.

The order and the receipt were a full defense to this action.  (*Jeffries* v. *Mutual Life Insurance Co.*, 110 U. S. 305, 4 S. Ct. 8.)  It is contributory negligence to attempt to jump on or off a moving train.  (*Sawtelle* v. *Railway Passenger Insurance Co.* 19 Myers' Federal Decisions, page 813, § 1792; 129 Mass. 440; Railway Accident Law, 376; *Cunningham* v. *Chicago, M. & St. Paul R. R. Co.*, 17 Fed. Rep. 882, 45 Am. Rep. 316.)  Voluntary hazard bars recovery.  (Thompson on Negligence, Vol. II, pages 1151, 1152, 1153 and 1154; *Tuttle* v. *Travellers' Insurance Co.*, 45 Am. Rep. 317; 97 Mass. 278.)

BUCK, J.—The district judge, in granting the motion for a new trial in this case, considered the following alleged errors :  First, the refusal to direct a verdict for the defendant when,

at the beginning of the trial, plaintiff declined to offer any evidence, upon the ground that the burden of proof under the pleadings was upon the defendant; second, the exclusion of the probate order and receipt of compromise; third, the exclusion of evidence as to the deceased having made a practice of jumping upon the train which killed him while in motion; fourth, the admission of evidence as to the space between the cars and the track, for the purpose of showing that it was impossible for the deceased to have been between the cars and the track without being crushed to pieces; fifth, the admission in evidence of the written and subscribed testimony of one of the witnesses previously taken at the coroner's inquest; sixth, the court's refusal to give instructions numbered 8 and 15 requested by the defendant. There were other assignments of error, but they are substantially embraced in the one above numbered, "third."

Inasmuch as it does not appear from the record that the district judge, in setting aside the verdict of the jury, assigned any special grounds therefor, it becomes necessary to pass upon all the questions involved in these alleged errors. It is the law of this state that contributory negligence is a matter of defense. (*Higley* v. *Gilmer*, 3 Mont. 90; *Wall* v. *Railway Co.* 12 Mont. 44, 29 Pac. 721; *Nelson* v. *City of Helena*, 16 Mont. 21, 39 Pac. 905.) It is true, in the plaintiff's complaint, it is alleged that, at the time he was injured, he was "using due diligence for his personal safety." Such an allegation, however, was unnecessary, and no proof of the same was required of plaintiff in making out a *prima facie* case. (*Higley* v. *Gilmer*, *supra*.) There was no error, therefore, in the trial court holding that the burden of proof was upon the defendant to establish contributory negligence on the part of the deceased.

Nor was there any error in excluding evidence as to the deceased having made a practice of jumping on the train while in motion. Upon this we cite, with approval, the language of the supreme court of Pennsylvania, in the case of *Baker* v. *Irish*, 172 Pa. St. 531, 33 Atl. 558. The court said: "De-

fendant proposed to prove that Baker had made a practice of jumping from the elevator while in motion. * * * What Baker had done before would warrant no inference, or one so remote, that he had done the same on the day of the accident, that the evidence was inadmissible.''

Again, the trial court committed no error in allowing evidence as to the space between the cars and the track. It had been stated by a witness that he had found the wounded man between the rails of the track. This evidence, tending as it did, to establish that it was a physical impossibility for the man to have been between the cars and the track without being more crushed, was clearly admissible in rebuttal. This follows as a corollary of the proposition that the burden of proof as to the alleged contributory negligence was upon the defendant.

We find no error in the admission of the sworn and subscribed testimony of a witness before the coroner's jury in order to contradict him. The main ground of defendant's objection was that it did not appear whether all the testimony given by the witness before the coroner had been taken down. In the absence of any showing to the contrary, it should be presumed that it had been.

Instruction No. 8, requested by defendant, was properly refused. As appellant contends, no rules of the railroad company which defendant claims to have been violated had been introduced in evidence. Instruction No. 15, requested by the defendant, was also properly refused. It was too sweeping in its terms.

In the exclusion of the probate order and receipt of compromise, however, we are satisfied the lower court erred, and that it was on this ground alone the district judge granted a new trial. The authorities are to the effect that an administrator has authority to compound or compromise with a debtor of his decedent, when it is to the interest of the estate, irrespective of any statutory power conferred upon him. (See *Jeffries* v. *Insurance Co.*, 110 U. S. 305, 4 Sup. Ct. 8; *Moulton* v. *Holmes*, 57 Cal. 337. Whether this be the law of

Montana, where, judging from the general tenor of the probate acts, the legislature seems to have intended to expressly define the duties and powers of executors and administrators, it is unnecessary to determine, because section 232, Probate Practice Act, Compiled Statutes, 1887 (section 2737, Code of Civil Procedure, 1895), expressly confers this power upon administrators. It is as follows : "Whenever a debtor of a decedent is unable to pay all his debts, the executor or administrator, with the approbation of the probate court or judge may compound with him and give him a discharge upon receiving a fair and just dividend of his effects. A compromise may also be authorized when it appears to be just and for the best interest of the estate."

Appellant urges that section 232 aforesaid contemplates that the approbation of the probate judge or court must be obtained to a compromise upon terms which have been definitely ascertained by the administrator and presented for approval. We cannot agree with this construction of the statute, at least so far as applicable to this case. In the order before us it appears that, after the determination of the necessity for a compromise under the statute authorizing it, the judge directed the administrator to settle upon the best terms he could obtain. This was equivalent to giving his approbation to a definite agreement for a compromise. So far as this record discloses, no evidence having been introduced in regard to plaintiff's charge in the replication that the compromise between the public administrator, Pascoe, and defendant was the result of bad faith, the presumption is that both the public administrator and the probate judge discharged their duties to the dead man's estate, in the matter of the alleged compromise, as honest and careful officers should. Unassailed, and considered by itself, the presumption attaching to this order would be that, before signing it, the probate judge was fully informed both as to the circumstances rendering a compromise proper and expedient under the law, and the proposed terms upon which the administrator intended to settle. The statutes in force prescribed no formal method in which the admin-

istrator should obtain the approbation of the court or judge to the compromise he contemplated, nor did they require any notice to be given of the application for it.  Evidently what the law had mainly in view in such a case was that the administrator should consult with the probate judge, as a conservator of the estate of decedents, and obtain his assent as such to any compromise he proposed to make.  The order might well have been more definite in its recitals, and have set forth carefully the facts upon which it was based, and the terms within which the judge's approbation was given to the proposed settlement.  But while, no doubt, this order is open to criticism for informality, we nevertheless cannot hold it invalid.

Appellant claims there is a distinction between a compromise effected by a public administrator and one brought about through an administrator appointed to take charge generally of the affairs of an estate.  Under section 350, Probate Practice Act, Compiled Statutes 1887 (section 4528, Political Code, 1895), the public administrator had the same powers as administrators and executors.  Section 350 is as follows : " When no direction is given in this chapter for the government or guidance of a public administrator in the discharge of his duties, or for the administration of an estate in his hands, the provisions of the preceding chapters of this title must govern."  Entertaining this view of the law, we are of opinion that the order, and, as a necessary consequence, the receipt, should have been admitted in evidence on the trial.  The order appealed from is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.