MARION HARTSE, Plaintiff and Appellant, v. FRED
KORNEYCHUK, Defendant and Respondent.
No. 9348.
Submitted May 13, 1957. Decided June 10, 1957.
312 Pac. (2d) 795.

Mr. Roland V. Colgrove, Mr. Hugh J. Lemire, Miles City,
for appellant.

Mr. Denzil R. Young, Jr., Baker, for respondent.

Mr. Lemire and Mr. Young argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment on a verdict wherein neither
party recovered judgment against the other.

The action arose out of an automobile collision in which both
the plaintiff and appellant, Marion Hartse, and the defendant
and respondent, Fred Korneychuk, sustained serious personal
injuries. Each sought to recover damages from the other.

The plaintiff in his complaint alleged that the defendant negligently operated his car by driving it with the left-hand wheels to the left of the center line and on the southerly side of the road, causing his car to strike and collide with that of the plaintiff.

The defendant, in his answer, admitted the collision, but denied negligence on his part, and alleged that the collision resulted from the plaintiff's own negligence in driving at an excessive speed, failing to keep to the right of the center of the road, and failing to keep his car under proper control. In an affirmative defense, the defendant also alleged contributory negligence on the part of the plaintiff in that the plaintiff drove his car at such an excessive speed that when the cars reached a point on either side of the crest of a hill where each driver could see the other's car, there was not sufficient time to avoid the collision. He also alleged the same acts of negligence in his cross-complaint, and sought to recover his damages from the plaintiff.

In the late afternoon of February 11, 1951, the plaintiff, accompanied by his wife and baby daughter, was traveling east on a county road in Fallon County. The defendant, accompanied by his wife and twelve year old son, was traveling west on the same county road. The automobiles of the plaintiff and defendant collided at about the crest of a hill, the left front ends of each automobile being severely damaged and injury occurring to both the plaintiff and the defendant. The defendant's wife was killed in the accident.

The hill where the collision occurred rises from both the east and the west with visibility from one approaching automobile to the other of about two hundred feet. The road grade at the point of collision was about nineteen feet in width. There were three hard-packed and well-defined tracks in the road over the hill, the two on the north side of the road being customarily used by westbound traffic and the two on the south side being used by eastbound traffic. The center track, a little wider than the others, was a common track used for left-hand wheels of cars going in opposite directions. Although there is contradictory

evidence, it would appear, and the jury must have believed, that the collision occurred at about the center of the road. The left wheels of both cars were using the center track. Plaintiff was following the worn tracks over the crest of the hill. The plaintiff testified that he was traveling about thirty to thirty-five miles per hour and saw the defendant's car approaching from the opposite direction on the wrong, or south side of the road. The plaintiff testified that he guided his car to the south, applied the brakes, and felt his car go off the south shoulder of the road. The plaintiff and his wife both testified that the defendant was on the wrong, or south side of the road. He claimed that he saw the defendant driving the oncoming car and that the defendant was not looking ahead, but toward the north, talking to his wife.

The defendant admitted that he did not see the plaintiff's car approaching the crest of the hill until immediately upon the impact. The eyewitnesses to the accident who were alive and able to testify were the plaintiff and his wife riding in the one car, and the defendant riding in the other car. The point of impact and the position of the automobiles following the impact was testified to by numerous persons who arrived at the scene of the accident some time after its occurrence.

The plaintiff, appellant herein, assigns six specifications of error. One specification is to the effect that the admission in evidence of the defendant's habit of driving was error. The other five specifications of error are all directed toward the admission of evidence of damages to the defendant, to the resulting ruling denying plaintiff's motion to dismiss the defendant's cross-complaint, and to the giving of instructions to the jury on damages for the defendant. The plaintiff objected to the admission of evidence of damages upon the ground that no negligence had been established on the part of the plaintiff, and the same objections went to the giving of instructions by the court concerning negligence of the plaintiff and the damages of the defendant. These five specifications of error will be treated together.

As to the specification of error concerning evidence of the defendant's habit and customary manner in driving on other occasions, attempting thereby to show defendant's care and freedom from negligence on the occasion of the accident involved in this action, the plaintiff on this appeal places the greatest emphasis. The defendant had testified that he did not remember clearly because he suffered from amnesia as to details of the circumstances immediately surrounding the collision.

In Mulville v. Pacific M. L. Ins. Co., 19 Mont. 95, 47 Pac. 650, 652, it was stated:

"Nor was there any error in excluding evidence as to the deceased having made a practice of jumping on the train while in motion. Upon this we cite, with approval, the language of the supreme court of Pennsylvania, in the case of Baker v. Irish, 172 Pa. [528], 531, 33 A. 558. The court said: "Defendant proposed to prove that Baker had made a practice of jumping from the elevator while in motion. * * * What Baker had done before would warrant no inference, or one so remote, that he had done the same on the day of the accident, that the evidence was inadmissible'."

In the instant case, the defendant testified positively that he was driving just before the collision on the north side of the road. Plaintiff's counsel elicited this information plus that as to the defendant's customary practice. On redirect examination, defendant's counsel pursued this line of questioning, but the custom was predicated upon positive testimony of the defendant that on this particular occasion he was driving on the north side, "just as he always did."

The evidence indicated that the defendant was prevented from remembering the moment of impact clearly by amnesia. His son did not observe the conditions and his wife was dead. Thus no eyewitness so far as the defendant was concerned could testify as to the position of his car at the time of the impact. The plaintiff and his wife did testify as eyewitnesses, but their testimony in this respect was contradicted by the physical facts established by independent and disinterested witnesses. Under

these circumstances, any error of admission of evidence of custom or habit would be harmless error and not cause for reversal. R.C.M. 1947, section 93-3909. The evidence of the defendant's driving habits, under these circumstances and upon the physical facts established, would tend to show that on this occasion he conducted himself in harmony with, not in defiance of, the established practice. See Whittemore v. Lockheed Aircraft Corp., 65 Cal. App. (2d) 737, 151 Pac. (2d) 670, 673.

The plaintiff's remaining five specifications of error go to whether there was evidence of proof of negligence on the part of the plaintiff, which would permit the introduction of proof of damages to the defendant. These specifications went to rulings on evidence, denial of plaintiff's motion to dismiss the defendant's cross-complaint, and instructions concerning damages to the defendant.

The defendant had filed a cross-complaint and sought damages for injuries he sustained. The plaintiff in his brief has simply challenged the record and stated that there was not sufficient evidence of negligence on his part to permit evidence of damages on defendant's part and to warrant the resulting denial of his motion to dismiss the cross-complaint and the giving of instructions to the jury on the question of damages to the defendant.

We have examined the long record of a week's trial and do not feel it necessary nor helpful to this opinion to detail the testimony establishing negligence on plaintiff's part. We do find sufficient evidence of negligence on plaintiff's part to have allowed the case to be submitted to the jury on the question of negligence of both the plaintiff and the defendant. It is true that the evidence on the question of the plaintiff's negligence was conflicting, but the jury resolved that question in favor of the defendant.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN and ADAIR, concur.