S. M. BOLDEN v. SOUTHERN RAILWAY COMPANY.

(Decided December 23, 1898).

*Negligence—Contributory Negligence—Non-suit.*

1. Where there is evidence, more than a mere scintilla, tending to prove negligence—it must be submitted to a jury to be passed on.

2. Contributory negligence is an affirmative defence set up to excuse the negligence of the defendant, and is not to be considered upon a motion to non-suit. *Cox* v. *Railroad,* at this term.

CIVIL ACTION for damages for personal injury received through the alleged negligence of defendant tried before *Robinson, J.,* at February Term, 1898, of the Superior Court of GUILFORD County.

The plaintiff was a bridge watchman in the service of the defendant company, and was seriously injured by a fall through the bridge while spacing up a cross-tie, apparently sound but was defective, and broke in two with his weight and the blows from a hammer he was using for the purpose.

The plaintiff was the only witness who testified—his evidence is substantially stated in the opinion.

At the close of plaintiff's evidence, the defendant moved for judgment of dismissal. Whereupon his Honor intimated that he would charge the jury, that upon the plaintiff's own evidence, he was not entitled to recover—and the plaintiff in deference to this intimation of his Honor, submitted to a judgment of non-suit, and appealed to the Supreme Court.

*Messrs. Schenck & Schenck* and *C. M. Stedman,* for plaintiff (appellant).

*Mr. F. H. Busbee,* for defendant.

DOUGLAS, J., delivers the opinion.
FAIRCLOTH, C. J., dissents.

DOUGLAS, J.:  This is an action for damages for personal injuries received by the plaintiff through the alleged negligence of the defendant.

The only evidence in this case was that of the plaintiff, who testified substantially, as follows:

That he was a watchman for the Southern Railway Company at a bridge over Reedy Fork, in August or December, 1895, that one Reister was the bridge builder of the defendant, under the ''supervision'' of the bridge department of the Southern Railway Company, that Bolden was under the control of the said Reister as a watchman.  That Reister began to repair the bridge, that before Reister began on the bridge, that there were two planks nailed down between the rails as a foot-way over which he could easily walk, and that there was a guard-rail of wood outside of the iron rails on either side, which had daps or square notches in them, that fitted down on the cross ties and were confined to the cross tries and kept them from slipping.  That Reister took up this footway plank and the guard rails which made it much more difficult if not dangerous for plaintiff to walk over the bridge in the discharge of his duty. That the plaintiff then remonstrated with Reister about the matter but Reister promised him (Bolden) that he would fix the bridge in a day or two, and ordered the plaintiff to continue his work.  That under the *orders of the said Reister, and relying on his promise to fix the bridge*, and in *order to keep his job* he continued in the discharge of his duty, which consisted in going over the bridge, after every train crossed, to see that it was all right; and if the cross ties had been moved out of place,

to space them up again in proper shape, that the company furnished him a large hammer for this purpose, called a spiking hammer, that about the fourth day, after Reister promised him, he was obeying orders and at the farther end of the bridge he found a cross tie out of place, about daylight. He undertook to knock it back into place as usual, when it broke at the end, where it was resting upon a piece of timber, and it gave way with him, causing the said Bolden to fall some distance, on to the trestle of the bridge, by which he was severely and painfully injured, Bolden knew nothing of the defect in this crosstie. It looked "perfectly sound" outside, it was not his duty to inspect the cross tie inside but only to observe it on the outside as he passed over it, that it was the inspectors duty to examine the cross tie inside. Witness did not suppose that there was "immediate danger" in discharging the duty, when he obeyed the order of Reister, to continue in the usual discharge of his duty. That Reister, the bridge builder, knew of the defective condition of the bridge and that it needed repairs. That one Welker was the bridge inspector of the defendant company.

Upon the foregoing evidence his Honor intimated the opinion that the plaintiff was not entitled to recover. The plaintiff took a non-suit.

This presents to us the single question whether, taking the evidence of the plaintiff to be true and construing it in the light most favorable to him, there was anything more than a mere scintilla tending to prove negligence on the part of the defendant. If there was such evidence, then the case should have been submitted to the jury under proper instructions. We think there was such evidence strongly *tending* to prove negligence on the part of the defendant; but whether it was

sufficient to prove such negligence, is a question for the jury, and neither for us nor for the Court below.

This Court has said in *Chesson* v. *Lumber Co.*, 118 N. C., 59, 67, that: "The plaintiff was injured while loading trucks with lumber, because the stringers that supported the floor of the platform, which he was required to use, were rotten, when an ordinary examination would (as a witness testified) have disclosed its defect. The defendant was therefore negligent in that aspect of the evidence if it failed to have such inspection made, or if it failed to repair the stringers within a reasonable time after discovering their condition. The two carpenters employed to inspect the platform and make needed repairs were, in so far as that duty was concerned, not fellow servants of the plaintiff, but representatives of the company"—citing *Railroad* v. *Herbert*, 116 U. S., 642. To this may be added *Hough* v. *Railroad*, 100 U. S., 225.

The counsel for the defendant contended that the judgment of non-suit should be sustained on account of the evidence of contributory negligence on the part of the plaintiff. This question has been so fully discussed in *Cox* v. *Railroad*, at this term, that it is useless to repeat what we have there said. By force of statute as well as a settled rule of decision, the plea of contributory negligence is an affirmative defence, in which the burden both of allegation and proof rests upon the defendant. It is true that contributory negligence may be shown by the evidence of the plaintiff, but whether the *weight* of that evidence is sufficient to overcome the presumption in his favor arising from the burden of proof, is a question for the jury.

The action of the plaintiff in going upon the bridge was argued as contributory negligence, but if it be

viewed as an implied assumption of risk, the same rule will apply. Both doctrines are alike as being in the nature of a plea of confession and avoidance, inasmuch as they are affirmative defences set up to excuse the negligence of the defendant. As such, the burden of proof is in both cases upon the defendant, and an issue can be found in its favor only by a jury. The doctrine is fully discussed in an elaborate note in 40 L. R. A., 781 and also in American & Eng. Enc. But it is useless for us to consider it at greater length, as the only question before us is, not what instructions should have been given to the jury, but whether the case should have been submitted to the jury.

For error in the intimation of his Honor, the judgment of non-suit must be set aside and a new trial ordered.

New trial.

FAIRCLOTH, C. J., dissents.