MICHENER, Respondent, v. FRANSHAM, Appellant.

(No. 1,703.)

(Submitted November 20, 1903.   Decided December 8, 1903.)

*Garnishment — Recovery of Money—Burden of Proof—Evidence—Relevancy — Witnesses — Impeachment — Trial—Direction of Verdict.*

1. In an action to recover money garnished and withheld from plaintiff, where the answer denied plaintiff's ownership, but admitted defendant's refusal to deliver the same to plaintiff, plaintiff could have established a *prima facie* case by testifying to the ownership of the money, and thereby have cast upon defendant the burden of proving that the money was the property of some person other than plaintiff.

2. Under Code of Civil Procedure, Sections 3379, 3380, providing that a witness may be impeached by evidence of inconsistent statements, testimony of a witness that he had heard another witness state in a conversation that he had made a contract with plaintiff's brother for certain lumber was competent to impeach such witness' testimony that he had contracted with plaintiff for such lumber.

3. On the issue of the ownership of certain money garnished and in the hands of the sheriff, where plaintiff claimed that he was its owner by virtue of an amount due on a contract for the sale of lumber, evidence that plaintiff's brother had been furnished money to purchase the mill from which the lumber to fill the contract was procured, and that plaintiff had expressed his satisfaction with the arrangement, and other evidence relative to such arrangement, was relevant, as tending to show that plaintiff's brother furnished the lumber, and was entitled to the pay therefor, and should have been submitted to the jury.

4. Under Code of Civil Procedure, Section 1104, providing that a verdict may be directed when the case presents "only" questions of law, a verdict should not be otherwise directed.

*Appeal from District Court, Gallatin County, Henry C. Smith, Judge.*

ACTION by Thomas Michener against W. J. Fransham. The trial court instructed the jury to bring in a verdict for plaintiff. From the judgment rendered upon the verdict of the jury brought in in pursuance of the court's instruction, and from an order overruling his motion for a new trial, defendant appeals. Reversed.

*Mr. John A. Luce,* and *Mr. George Y. Patten,* for Appellant.

*Mr. Eugene B. Hoffman,* for Respondent.

A garnishee cannot be held where his disclosure showed that he is indebted to the defendant and a third person jointly. (*Hawes v. Inhabitants of W.,* 18 Pick. 451; *Stelling* v. *Young,* 161 Mass. 287; *Markham* v. *Farrell,* 42 Mich. 74; *Singer* v. *Townsend,* 53 Wis. 126.)

An indebtedness due a partnership cannot be garnisheed in the hands of a debtor to pay the separate debt of one partner.

(*Trickett* v. *Moore,* 34 Kan. 755; *Winston* v. *Ewing,* 34 Am. Dec. 768; 2 Shinn on Attachment and Garnishment, 579.)

A personal interest in a firm cannot be reached by garnishment against the property of the firm. (*Bertwhistle v. Woodward,* 17 Mo. App. 277; *Sweet* v. *Read,* 12 R. I. 121; *Bartlett* v. *Woodward,* 46 Vt. 100.)

Privity of contract is no longer necessary. Whenever one man has in his hands the money of another which he ought to pay over, he is liable in an action for money had and received although he has never seen or heard of the party who has the right. (*Hall* v. *Marston,* 17 Mass. 574; *School District* v. *Thompson,* 51 Neb. 857; *Wilson* v. *Turner,* 45 N. E. 820; *First Nat'l Bank* v. *Gatton,* 172 Ill. 625; *Soderberg* v. *King County,* 45 Pac. 785; *Davis* v. *Pan Handle Bank,* 29 S. W. 926; *City of Salem* v. *Marion County,* 36 Pac. 163; *Fisher* v. *Knight,* 61 Fed. 491; *Mumford* v. *Wright,* 12 Colo. App. 214.)

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

This action was commenced by the plaintiff to recover of the defendant the sum of $136.65, alleged to be unlawfully withheld from the plaintiff by the defendant.

The complaint alleges that the defendant was at all of the times therein mentioned sheriff of Gallatin county, Montana; that on or about the 15th day of August, 1899, one Ira De Long commenced an action against the plaintiff and one Bert Michener; that in said action a writ of attachment was issued, whereby the defendant garnished $136.65 in the hands of one Vreeland belonging to the plaintiff; that Vreeland made answer to the garnishment, and prior to the commencement of this action paid the sheriff the said sum; that thereafter, on February 17, 1900, the action was dismissed as to plaintiff, and judgment was rendered against Bert Michener; that the money so attached was the sole property of the plaintiff; that since February 17, 1900, no action has been pending against the plaintiff; that prior to the commencement of this action the plaintiff de-

manded the said money of the defendant, who refused to deliver it, but, on the contrary, unlawfully and wrongfully withheld the same, and has ever since so withheld it. The defendant filed an answer, in which he denied plaintiff's ownership of the money, and admitted that he refused and still refuses to deliver the same to plaintiff, or any one for him.

The controversy is, to whom does the attached money belong? Upon the admissions in defendant's answer plaintiff could have made out a *prima facie* case by testifying to the ownership of the money as alleged in his complaint, and the burden of proof then would have been upon defendant to establish that the money was the property of some person other than the plaintiff. (*Gallick* v. *Bordeaux,* 22 Mont. 470, 56 Pac. 961; *Reynolds* v. *Fitzpatrick,* 28 Mont. 170, 72 Pac. 510.) Instead of following the course just indicated, plaintiff undertook to show how he became the owner of the money, and chiefly by witnesses other than himself. It seems that the money was due plaintiff or his brother, Bert Michener, or plaintiff and his brother jointly, on account of lumber furnished for the construction of a bridge for the county across the West Gallatin river. On behalf of the plaintiff one Thorpe testified that he, as surveyor of Gallatin county, had contracted with plaintiff for certain lumber for said bridge, and that he (Thorpe) thereafter substituted one Vreeland in his stead. During his cross-examination Thorpe testified as follows: "I don't just remember when I had a conversation with Mr. De Long in the presence of Mr. Brassfield in my office. I did not, in a conversation with Mr. De Long and Mr. A. G. Brassfield in my office in Bozeman, Gallatin county, in August, 1889, tell him (De Long) that my dealing in regard to this contract had been with Bert Michener." Vreeland, who took Thorpe's place in the construction of the bridge, ratified the contract Thorpe had made with plaintiff, but said he was undecided as to which one of the Micheners furnished the lumber. He paid the money due thereon to the sheriff. In his return to the sheriff upon the garnishment he made this statement: "I hereby acknowledge that I have in

my possession $136.65 owed by me to the sawmill on the West Gallatin river of material by the Michener Brothers. This amount is in full of all demands of said Michener Brothers on date of September 8, 1899, the date of your service of garnishment. * * * The Michener Brothers above referred to are Thomas Michener and Bert Michener, the defendants in an action wherein Ira De Long was plaintiff and Thomas and Bert Michener were defendants."

The plaintiff testified that he furnished the lumber to Vreeland, but was not completely paid for it; that he had no other contract with Vreeland, and the latter did not owe him any money other than upon such contract for lumber.

The defendant undertook to prove that the money was not the property of plaintiff. To this end he endeavored to show that the sawmill was run by Bert Michener, and the contract for the lumber was made with him. Ira De Long, a witness for defendant, testified that in pursuance of a contract made with Bert Michener he advanced the latter certain money to enable him to get possession of the sawmill from which the lumber was afterwards furnished Vreeland. The arrangement was that De Long was to have his pay out of the proceeds of the mill. As he said: "I was to get the first money, or the first lumber sawed, whichever it was. * * * I never received sufficient to reimburse me for what I advanced there at that time. At the time this lumber was being sawed there, I saw Thomas Michener working around the mill. He told me, the first time I saw him after I got the mill from Mr. Fletcher, right down here where the old La Clede stands, that he was glad that I helped Bert at the mill, and was satisfied with what Bert agreed to do with me." He also testified: "I heard Mr. Thorpe's testimony this morning as to what he told me in August, 1899, with reference to building that bridge up there. That conversation [was] in his office in this city. In the month of August, 1899, in the presence of A. G. Brassfield, he told me it was Bert Michener who made this arrangement for the lumber that went into the West Gallatin bridge."

Plaintiff moved to strike out all of De Long's testimony upon the following grounds: "It is immaterial and irrelevant to the issues in this case; that it does not tend to show the contract that was entered into, and to which and out of which grew the obligation for which this money was paid; nor does it tend in any manner to show to whom or under what circumstances this money was due, or who is the owner or claimant of it." The court sustained the motion. Thereupon defendant offered to prove by the testimony of one Fletcher "that the mill in question, and which sawed the lumber delivered to F. W. Vreeland, and which was used by him in the building of the West Gallatin bridge, and for which the money in question is sought to be recovered, was in the possession of this witness, and that it was taken out of his hands or possession by Ira De Long, who paid the money due upon it for repairs under a contract that the first sawing of lumber of that mill was to be delivered to Mr. De Long until he should be paid the money which he was to advance to this witness, and the expenses of running the mill until he should be fully paid; and that the mill in question was part of this mill, and that the arrangement was made with Bert Michener."

Plaintiff objected to the introduction of this proof for the reasons given upon the motion to strike out De Long's testimony, and the court sustained the objection. Thereupon the court instructed the jury to find for plaintiff. Defendant preserved his exceptions in a bill duly settled and allowed, and thereupon moved for a new trial, which was denied. The defendant appeals from the judgment. This brings up the bill of exceptions containing the evidence, and the various errors assigned.

The evidence of De Long concerning the conversation with Thorpe in Brassfield's presence was clearly competent and relevant testimony, and tended directly to contradict Thorpe's testimony to the effect that he made the contract with plaintiff. That the court committed error in striking out this testimony is too plain to admit of argument. (Code of Civil Procedure,

Secs. 3379, 3380.) The testimony of De Long and Fletcher should have been submitted to the jury. It tended strongly to show that Bert Michener, and not plaintiff, was the person who furnished the lumber, and therefore was entitled to the pay therefor. It also tended to show that plaintiff knew of the agreement between De Long and Bert Michener, and ratified the transaction between them. These were questions of fact strongly bearing upon the issue in controversy. The court should direct a verdict when the case presents only questions of law, but not otherwise. (Code of Civil Procedure, Sec. 1104.) This court said in *Cain* v. *Gold Mountain Mining Co.*, 27 Mont. 529, 71 Pac. 1004.: "The rule is well established 'that no cause should ever be withdrawn from the jury unless the conclusion from the facts necessarily follows, as a matter of law, that no recovery could be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish.' "

For the foregoing reasons we are of the opinion that the judgment should be reversed, and the cause remanded for a new trial.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause is remanded for a new trial.

MR. JUSTICE HOLLOWAY, being disqualified, takes no part in this decision.