BALL, RESPONDENT, *v.* GUSSENHOVEN, APPELLANT.

(No. 1,731.)

(Submitted December 8, 1903.   Decided January 6, 1904.)

*Servant's Injuries — Actions — Defenses — Inconsistency — Assumption of Risk—Contributory Negligence—Pleading—Instructions — Damages — Medical Services—Appeal from*

| 29 | 321 |
| 30 | 57 |
| 30 | 58 |
| 30 | 335 |
| 30 | 336 |
| 30 | 337 |
| 29 | 321 |
| 31 | 96 |
| 31 | 146 |
| 31 | 242 |
| 31 | 508 |
| 31 | 621 |
| 32 | 139 |
| 29 | 321 |
| d33 | 475 |
| 29 | 321 |
| 35 | 228 |
| 29 | 321 |
| 137 | 574 |
| 38 | 361 |
| 38 | 382 |
| 29 | 321 |
| 39 | 459 |
| 39 | 461 |
| 39 | 520 |

*Judgment—Questions Reviewable—Sufficiency of Evidence —Bills of Exceptions—Sufficiency—Prejudicial Error.*

1.  The defenses of contributory negligence and assumption of risk are inconsistent with each other, do not rest upon the same principles, and the existence of one necessarily excludes the existence of the other.

2.  If the defense of the assumption of risk is maintained, questions of contributory negligence do not arise, because, if plaintiff assumed the risk of employment, he cannot recover, though he exercised the highest degree of care.

3.  A defendant is entitled to plead in the same answer as many defenses as he may wish to present, even though inconsistent with each other; and is entitled to present and rely upon any of such defenses upon the trial, subject to proper instructions as to their effect in each case.

4.  Where the complaint does not show the proximate (or a proximate) cause of the injury to have been the act of the plaintiff, the existence of contributory negligence is a matter of defense to be pleaded by defendant, and the absence of contributory negligence need not be averred by plaintiff.

5.  Whether the verdict is unsupported by any substantial evidence, being a question of law, may be reviewed on appeal from a judgment; but whether the evidence is sufficient to support the verdict where there is conflicting evidence cannot be so reviewed; it can be reviewed only on an appeal from an order granting or refusing a motion for a new trial.

6.  Under Code of Civil Procedure, Section 1152, providing, relative to bills of exceptions, that, where the exception is to the verdict or decision upon the ground of insufficiency of evidence, the objection must specify the particulars in which such evidence is alleged to be insufficient, specifications which merely state what the evidence shows, and not what it does not show, will not be considered on appeal.

7.  A specification which merely states that the evidence does not justify certain special findings of the jury, because to justify such findings it must have been believed by the jury that the plaintiff at the time of her injury was both blind and *non compos mentis,* is so lacking in any specification as to the insufficiency of the evidence that it cannot be considered.

8.  In an action for servant's injuries a motion for nonsuit was properly overruled where the evidence for plaintiff clearly tended to sustain the allegations of the petition of negligence of defendant in not providing reasonably safe machinery upon which the plaintiff was directed to work by *defendant's agents, and in not keeping it in such condition,* and that the injury complained of resulted from the use thereof.

9.  Under Code of Civil Procedure, Section 1104, providing that the judge may direct a verdict where the case presents only questions of law, a verdict cannot be directed for defendant where substantial evidence is introduced prior to the motion for direction which in any way tends to support plaintiff's contention, the weight of such evidence being a question for the jury.

10. In an action for personal injuries the court properly instructed that plaintiff might recover any reasonable sum she had expended for medical treatment, where there was uncontradicted evidence that plaintiff had spent $75 for that purpose.

11. In an action for personal injuries defendant was not injured by an instruction that plaintiff might recover sums expended for medical attention, where plaintiff claimed $5,000 for the injury alone, and the verdict returned was a general one for only $2,000.

12. Where there is sufficient substantial evidence to support one party's contention, which was fairly submitted to the jury, the supreme court cannot, on appeal from the judgment, interfere with the verdict rendered.

*Appeal from District Court, Choteau County; John W. Tattan, Judge.*

ACTION by Jessie Ball against Joseph Gussenhoven. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. George H. Stanton,* for Appellant.

The respondent is not entitled to recover for the injuries sustained for the reason that she assumed the risks of the employment in which she engaged; there is no question of contributory negligence in the case at bar; the doctrine of assumed risks must determine the question of appellant's liability. (Civil Code, Sec. 2661; Bailey's Master's Liability for Injuries to Servant, 145, 194, 198; *Greef et al.* v. *Brown* (Kan.), 51 Pac. 926; *Jones* v. *Roberts,* 57 Ill. App. 56; *Keenan* v. *Waters et al.* (Penn.), 37 Atl. 342; *Townsend* v. *Langles,* 41 Fed. 919; *Sanborn* v. *Atchison, T. & S. F. R. R. Co.* (Kan.), 10 Pac. 860; *Stone* v. *Oregon City Mfg. Co.,* 4 Oregon, 52; *Stephenson* v. *Duncan* (Wis.), 41 N. W. 337; *Hickey* v. *Taaffe,* 105 N. Y. 26; *Hayden* v. *Smithville Mfg. Co.,* 29 Conn. 548; *Groth* v. *Thomann* (Wis.), 86 N. W. 178; *Sheridan* v. *Bigelow,* 93 Wis. 426, 67 N. W. 732; *Smith* v. *Peninsular Car Works,* 60 Mich. 506; *Russell* v. *Tillotson* (Mass.), 4 N. E. 231; *Williams* v. *Churchill,* 137 Mass. 243; *Leary* v. *Boston & A. R. Co.,* 139 Mass. 580; *Berger* v. *St. Paul M. & M. Ry. Co.* (Minn.), 38 N. W. 814; *Marsh* v. *Chickering* (N. Y.), 5 N. E. 56; *Greenleaf* v. *Ill. Central R. R. Co.,* 29 Iowa, 14; *Ennis* v. *The Naharajah,* 40 Fed. 784; *Sweet* v. *Ohio Coal Co.* (Wis.), 47 N. W. 182; *Wormell* v. *Maine Central R. Co.* (Me.), 10 Atl. 49; *Gleason* v. *Mfg. Co.* (Mo.), 7 S. W. 188; *Balle* v. *Detroit Leather Co.* (Mich.), 41 N. W. 216; *Swoboda* v. *Ward,* 40 Mich. 423; *Sweeney* v. *Berlin & Jones Envelope Co.,* 101 N. Y. 520; *Gibson* v. *Erie Ry. Co.,* 63 N. Y. 449; *Richards* v. *Rough,* 53 Mich. 212; *Burke* v. *Witherbee et al.,* 98 N. Y. 562; *Kinsley* v. *Pratt,* 32 L. R. A. 367; *De Forest* v. *Jewett,* 88 N. Y. 246; *Buckley* v. *G. P. & R. M. Co.,* 113 N. Y. 540;

*Shaw* v. *Sheldon et al.,* 103 N. Y. 667; *Fricker* v. *Penn. Bridge Co.,* 197 Pa. St. 442; *Ferguson* v. *Phoenix Cotton Mills,* 106 Tenn. 236; *Brown* v. *Siegel,* 90 Ill. App. 49; *Cunningham* v. *Bath Iron Works* (Me.), 43 Atl. 107; *McGuerty* v. *Hale,* 161 Mass. 51; *Wilson* v. *Cotton Mills,* 169 Mass. 67; *Sullivan* v. *Mfg. Co.,* 113 Mass. 396; *Shanny* v. *Androscoggin Mills,* 66 Me. 420; *Rock* v. *Orchard Mills,* 142 Mass. 522; *Jones* v. *Mfg. & Investment Co.* (Me.), 43 Atl. 512; *Sjogren* v. *Hall* (Mich.), 18 N. W. 813; *Schroeder* v. *Michigan Car Co.,* 56 Mich. 132; *Johnson* v. *Devoe Snuff Co.* (N. J.), 41 Atl. 936; *Electric Co.* v. *Kelly,* 57 N. J. Law, 100; *Foley* v. *Light Co.,* 54 N. J. Law, 411; *Regan* v. *Palo* (N. J.), 41 Atl. 364; *McGlynn* v. *Brodie,* 31 Cal. 377; *Sowder* v. *Idaho Quartz Mills Co.,* 55 Cal. 451; *Sweeney* v. *Central Pac. R. Co.,* 57 Cal. 15; *Arizona Lumber & T. Co.* v. *Mooney* (Arizona), 42 Pac. 952; *Lopez* v. *Central Arizona M. Co.* (Arizona), 2 Pac. 748; *Hazen* v. *West S. L. Co.* (Wis.), 64 N. W. 857; *Nugent* v. *Kaufman Mill Co.,* 131 Mo. 241; *Poll* v. *Hewitt* (Q. B.), 23 Ont. Rep. 619; *Montreal S. L. Co.* v. *Demers,* Rap. Jud. Quebec, 5 B. R. 191; *Klatt* v. *N. C. Foster L. Co.,* (Wis.), 66 N. W. 791; *Wood* v. *Heiges* (Md.), 34 Atl. 872; *Bertha Zinc Co.* v. *Martin,* 93 Va. 791; *Lincoln St. R. Co.* v. *Cox,* 48 Neb. 807; *Wray* v. *S. W. E. L. & W. P. Co.,* 68 Mo. App. 380; *Oliver* v. *Ohio River R. Co.,* 42 W. Va. 703; *Stuart* v. *New Albany Mfg. Co.,* 15 Ind. App. 184; *McGorty* v. *S. N. E. Tel. Co.,* 69 Conn. 635; *E. S. Higgins Carpet Co.* v. *O'Keefe,* 79 Fed. 900; *Chaddick* v. *Lindsay,* 5 Okla. 616; *Hill* v. *Meyers Bros. Co.,* 140 Mo. 433; *Carrigan* v. *Washburn & M. Mfg. Co.,* 170 Mass. 79; *Osborne* v. *Lehigh Valley Coal Co.,* 97 Wis. 24; *Oriental* v. *Barclay,* 16 Tex. Civ. App. 193; *East Chicago F. Co.* v. *Ankeny,* 19 Ind. App. 150; *Missouri, etc. R. Co.* v. *Wood* (Texas), 35 S. W. 879; *Huber* v. *Jackson & S. Co.* (Del.), 41 Atl. 92; *Detroit Crude Oil Co.* v. *Grable,* 94 Fed. 73; *Collins* v. *Laconia Car Co.* (N. H.), 38 Atl. 1047; *Benjamin A. & I. Co.* v. *Costello* (N. J.), 42 Atl. 766; *Bethlehem Iron Co.* v. *Weiss,* 40 C. C. A. 270; *Brinkley Car Works & Mfg. Co.* v. *Lewis,* 68 Ark. 316; *Brown* v. *Tabor Mill Co.,*

22 Wash. 317; *Gunn* v. *Willingham,* 111 Ga. 427; *Pioneer F. C. Co.* v. *Howell,* 189 Ill. 123; *Hoard* v. *Blackstone Mfg. Co.,* 177 Mass. 69; *Bond* v. *Smith,* 14 N. Y. Supp. 932; *Rietman* v. *Stalte,* 120 Ind. 314; *Kohn* v. *McNulta,* 147 U. S. 241; *Southern Pac. Ry. Co.* v. *Seley,* 152 U. S. 145; *McAndrews* v. *Montana Union Ry. Co.,* 15 Mont. 290; *Kelley* v. *Cable Co.,* 8 Mont. 449; *Nolan* v. *Montana Central Ry. Co.,* 25 Mont. 107.)

*Mr. J. N. Booth,* and *Mr. H. S. Greene,* for Respondent.

The defendant has taken an appeal from the judgment and has made no motion for a new trial. In such a case the evidence will not be considered on an assignment of error that the evidence is insufficient to sustain the verdict, for such an assignment pertains to a motion for a new trial only. (*Withers* v. *Kemper,* 25 Mont. 432; *Largey* v. *Sedman,* 3 Mont. 476; *Lloyd* v. *Sullivan,* 9 Mont. 589; *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 247.)

In the case at bar there is no objection or request of the lower court to set aside the findings of the jury; the defendant must have objected to the findings, and moved for a new trial if he desired to review the evidence in the supreme court. (*Baird* v. *Peal,* 92 Cal. 235.)

If the evidence tends to show negligence, the question of insufficiency cannot be considered in the case at bar. (*Withers* v. *Kemper,* 25 Mont. 432; *Chumasero* v. *Vial,* 3 Mont. 376; *Missoula El. Light Co.* v. *Morgan,* 13 Mont. 397; *Freeman* v. *Sand Coulee Coal Co.,* 64 Pac. 347.)

The specifications wherein the evidence is insufficient are themselves insufficient. The specifications are merely conclusions. (*De Molera* v. *Martin,* 120 Cal. 544-548; *Adams* v. *Helbring,* 107 Cal. 298; *First Nat'l Bank* v. *Roberts,* 9 Mont. 333; *Strasburger* v. *Beecher,* 20 Mont. 143; *Spots* v. *Hanley,* 85 Cal. 155; *Kumble* v. *Grand Lodge,* 110 Cal. 204; *O. R. & N.* v. *Tracy,* 14 C. C. A. 204.)

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This was an action brought by plaintiff to recover damages against defendant for a personal injury. The defendant was the proprietor of a steam laundry, and plaintiff was employed therein. Her hand was injured by being caught between the rollers of a mangle or ironing machine used in the laundry, at which she was put to work by defendant's foreman. The negligence upon which the recovery is sought is a failure on the part of defendant to provide plaintiff with reasonably safe machinery to work upon and to maintain it in a reasonably safe condition. In the answer defendant admits that plaintiff was in his employ, and sustained injury to one of her hands by being caught in the mangle; then denies any negligence on the part of defendant as alleged, and alleges that the plaintiff was guilty of contributory negligence. The replication denies all the new matter set forth in the answer.

The case came on for hearing before the court and a jury, and the defendant immediately objected to the introduction of any evidence on the part of the plaintiff on the ground "that the complaint fails to state facts sufficient in law to entitle the plaintiff to the relief sought, and does not state facts sufficient to constitute a cause of action." This objection was overruled, and the defendant reserved an exception. Immediately after the close of plaintiff's evidence counsel for defendant moved for a nonsuit, which was overruled, and to which defendant also saved exception. Defendant then introduced his proof, and at the close of all the testimony moved the court to direct the jury to return a verdict for defendant, which motion was also overruled, and defendant excepted. The case was given to the jury, which returned a general verdict in favor of plaintiff for the sum of $2,000. In addition to the general verdict, there were ten special findings submitted to the jury by defendant, all of which were found in favor of plaintiff and against the defendant.

The defendant gave notice of intention to move for a new trial, had a bill of exceptions settled, and on the 29th day of June, 1901, filed a stipulation signed by the attorneys for the respective parties, which was in the following language: "It is hereby stipulated and agreed by and between counsel in the above-entitled action as follows: (1) Immediately after the settlement by the court of the defendant's bill of exceptions herein the defendant may present his motion for a new trial, and all notices preliminary to the presentation of such motion for new trial, together with the time of presenting the same, are deemed to be waived, except the notice hereinafter mentioned. (2) Said motion for new trial may be made and argued any time between August 25, 1901, and October 1, 1901, and may be brought on for hearing on five days' notice."

So far as disclosed by the record on this appeal, no motion for a new trial was ever made, and the appeal before the court is from the judgment.

The question as to whether a bill of exceptions settled for use on the hearing of motion for a new trial can be considered by this court on an appeal from a judgment when no motion for a new trial has been made in the court below, and no decision thereon is appealed from, has not been presented in this appeal, and therefore it is not considered or decided.

This court is left somewhat in doubt as to the actual position of appellant's counsel on the questions of assumed risk and contributory negligence of the plaintiff. In the brief filed counsel makes the assertion that the case is to be tested by the question as to whether or not plaintiff assumed the risks of the employment, and states that the question of contributory negligence is not in the case. Upon his oral argument to the court he announced that the above statement contained in his brief was not correct, and that he did rely on the contributory negligence of the plaintiff, and the first point he argued to the court was that the complaint in the case did not state facts sufficient to constitute a cause of action, because it contained no allegation negativing the existence of contributory negligence.

The defenses of contributory negligence and assumption of risk are entirely inconsistent with each other, and do not rest upon the same principles; and the existence of one necessarily excludes the existence of the other. (1 Bailey, M. & S. Sec. 938 *et seq.; Miner* v. *Connecticut River R. R. Co.,* 153 Mass. 398-403, 26 N. E. 994; *Texas P. Ry.* v. *Bryant,* 8 Tex. Civ. App. 134, 27 S. W. 825; *Mundle* v. *Manufacturing Co.,* 86 Me. 400, 30 Atl. 16.) If the defense of the assumption of risk is maintained, the question of the existence of contributory negligence does not arise, because, if plaintiff assumed the risks of the employment, he cannot recover, even if he exercised the highest degree of care.

We recognize the rule that a defendant is entitled to plead in the same answer as many defenses as he may wish to present, even though they are inconsistent with each other, and is entitled to present and rely upon any of such defenses upon the trial of the case; subject, however, to instructions to the jury as to their proper effect in each case. We do not wish to be understood as deciding whether the defense of the assumption of risk must be pleaded specially, as such question is not involved in this case; this defense being pleaded. These questions, however, are not material to this case, as both the defenses of contributory negligence and assumption of risk were pleaded, presented to the jury, and found against the appellant.

1. The first question raised by the appellant is that the complaint does not state facts sufficient to constitute a cause of action, in that it does not allege that the plaintiff acted with due and ordinary care in the operation of the mangle by which she was injured; in other words, that the complaint does not negative the existence of contributory negligence. This question, we think, is answered by this court in the case of *Cummings* v. *Helena & Livingston S. & R. Co.,* 26 Mont. 434, 68 Pac. 852. Mr. Justice Pigott, speaking for the court, said: "In actions for personal injuries the absence of contributory negligence is not required to be pleaded or proved by the plain-

tiff, but its presence is a matter of defense. Such is the law in Montana. *Higley* v. *Gilmer*, 3 Mont. 90, 35 Am. Rep. 450; *Mulville* v. *Pac. Mutual Life Ins. Co.*, 19 Mont. 95, 47 Pac. 650; *Snook* v. *City of Anaconda*, 26 Mont. 128, 66 Pac. 756. The contrary rule was announced in *Ryan* v. *Gilmer*, 2 Mont. 517, 25 Am. Rep. 744, but has been overturned by the cases cited and those referred to by the opinions therein. If, however, the complaint shows the proximate (or a proximate) cause of the injury to have been the act of the plaintiff, the complaint must also state his freedom from negligence in the doing of the act; otherwise the pleading is bad (*Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21); and so, if the evidence in behalf of the plaintiff shows the injury to have been directly caused (either in whole or in part) by his act, the burden is immediately upon him to prove that he was exercising ordinary care at the time. *Nelson* v. *City of Helena*, 16 Mont. 21, 39 Pac. 905. Another rule, from which there seems to be no dissent except in North Carolina (*Bolden* v. *Railway Co.*, 123 N. C. 614, 31 S. E. 851; *Cogdell* v. *Railroad Co.*, 124 N. C. 302, 32 S. E. 706; *Powell* v. *Railway Co.*, 125 N. C. 370, 34 S. E. 530), is that, if the evidence in plaintiff's behalf establishes beyond question that his own omission to use ordinary care contributed immediately to, or itself caused, the injury, the court should, on motion, direct a verdict or grant a nonsuit."

It cannot be said that this complaint "showed the proximate (or a proximate) cause of the injury to have been the act of plaintiff." The existence of contributory negligence is a matter of defense, and the appellant in this case must have so understood it, because he alleged in his answer that the plaintiff was guilty of contributory negligence. This question was tried, and the jury, upon a submission by defendant of a request for a special finding thereon, found that the plaintiff could not have avoided the injury which she sustained by the use of ordinary care. No other objection is made to the sufficiency of the complaint, and, it having been treated as otherwise sufficient upon the trial, this court will so consider it upon this appeal.

2. The appeal was taken from the judgment alone, and no motion for a new trial was ever heard, although the record discloses that notice of intention to move for a new trial was given, and that the bill of exceptions (which is brought up with the judgment roll) was settled for the plaintiff's presentation to the court below on the motion for a new trial. This is shown by the stipulation found in the record hereinabove recited.

In assignment of error No. 11 appellant insists that the evidence is insufficient to justify the verdict in certain particulars. The respondent insists that the appellant cannot raise this question on an appeal from the judgment, but that such question must be presented to the court below on motion for a new trial. It therefore becomes necessary to determine whether this question can be raised upon an appeal from a judgment when a bill of exceptions setting forth all the evidence and containing specifications of the insufficiency of the evidence to support the verdict is a part of the record on appeal.

Appellant relies on the case of *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 247, 44 Pac. 969, and insists that under the ruling in that case this court may consider the question of the insufficiency of the evidence to sustain the verdict upon this appeal. An examination of that case discloses that no question was there raised as to the insufficiency of the evidence. The evidence, as stated by the court, was all one way. The court says: "There was no conflicting evidence before the trial judge when he rendered judgment for the defendant, the respondent here. The testimony offered by the plaintiff, the appellant, was uncontradicted, and admissions were also made by respondent in plaintiff's behalf. Nor was there any contradiction of the testimony offered by respondent, although it was admitted after numerous objections. The testimony before the court was virtually an agreed statement of facts." So that in that case the evidence contained in the record did not *support* the verdict and judgment, but was contrary thereto. The court in the same case, after reviewing several Montana cases, further says: "The expressions referred to were used inadvertently,

and from an inspection of the whole line of decisions *supra* we are satisfied that the principle on which they were based was simply that no review of an issue of fact decided by a jury or trial court could be entertained unless presented in a statement on motion for a new trial on appeal from an order granting or denying a new trial; in other words, the question of the insufficiency of the evidence to justify a verdict or decision must have been directly raised by a strict compliance with the provisions of the statute regulating new trials, before it could be examined on appeal. There must have been a direct—not a collateral—attack on evidence, in so far as the insufficiency of it is concerned, before a review of it on that ground could be entertained. An exception to a decision or verdict upon a matter of fact, as distinguished from one on a matter of law, must have been saved as a condition precedent to such review."

This court further considered the question involved in the case of *Withers* v. *Kemper,* 25 Mont. 432, 65 Pac. 422. In this case Mr. Justice Milburn, for the court, states the law very clearly and concisely in the following language: "To attack a judgment of the court as not supported by the findings is to raise a question of law. To attack a decision of the court on the ground that there was a total failure of any evidence is to raise a point of law. But, in order to bring questions of the weight of evidence before this court on appeal, there must have been a hearing on motion for a new trial, and an appeal from the order granting or refusing the same."

The result of these decisions settles the practice in this state as follows: Whether the verdict or decision is unsupported by any substantial evidence, being a question of of law, may be reviewed by this court on appeal from a judgment, but the question as to whether the evidence is sufficient to support the verdict or judgment, where there is conflicting evidence, cannot be reviewed by this court on an appeal from the judgment.

An investigation of the record in this case discloses a clear conflict in the evidence in several material aspects, and we cannot say that the verdict and judgment of the court below

are entirely unsupported by any substantial evidence. Therefore we cannot consider the question of the sufficiency of the evidence—it being contradictory—upon this appeal.

Counsel for respondent also insist that the specifications of the insufficiency of the evidence relied on by appellant are not made in such manner as to warrant this court in considering them.

This court, in the case of *Cain* v. *Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004, speaking by Mr. Justice Holloway, uses the following language: "The specifications of insufficiency of the evidence to justify the verdict are alike, and are wholly inadequate for the purpose intended. In form they are substantially as follows: The evidence is insufficient to support the verdict in this: that the evidence conclusively shows contributory negligence on the part of the plaintiff, knowledge of certain facts on his part, or something to the same effect. Section 1173 of the Code of Civil Procedure, among other things, provides: 'When the notice of motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. * * * If no such specification be made the statement shall be disregarded on the hearing of the motion.' Under a specification of the insufficiency of the evidence to support the verdict this court will not consider what the evidence does show, but only what it fails to show (*First Nat'l Bank* v. *Roberts,* 9 Mont. 323, 23 Pac. 718; *Zickler* v. *Deegan,* 16 Mont. 198, 40 Pac. 410; *Bardwell* v. *Anderson,* 18 Mont. 528, 46 Pac. 443; *Kumle* v. *Grand Lodge,* 110 Cal. 204, 42 Pac. 634; *Dawson* v. *Schloss,* 93 Cal. 194, 29 Pac. 31), and, the specifications having wholly failed to point out any particulars in which the evidence is insufficient to support the verdict, we are bound by the terms of Section 1173, above, to disregard them on this hearing."

Section 1152 of the Code of Civil Procedure, relative to bills of exception, provides that, "when the exception is to the ver-

dict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient."

Both of these statutes having the same requirements as to specifications of insufficiency of evidence, the same rules must be applied to each. In the first five specifications counsel simply states what the evidence shows, not what it does not show. He does not particularize wherein it is insufficient, but contents himself with an argument as to the sufficiency of the evidence thus recited.

Specification No. 6 is in the following language: "The evidence does not justify the special findings of the jury Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, because, to justify such findings, it must have been believed by the jury that the plaintiff at the time of her injury was both blind and *non compos mentis.*" This specification is so absolutely lacking in any specification of the insufficiency of the evidence, within the rule as laid down by the above decisions, that it cannot be considered. So that it appears that, even if this court could consider the insufficiency of the evidence on this appeal, there are no proper specifications thereof found in the record to warrant such action.

3. The next error alleged is that the court below refused to grant a motion for nonsuit made by the defendant at the close of plaintiff's testimony.

This court, by Mr. Justice Holloway, has lately announced the rule as to motions for nonsuit in the following language: "The evidence offered on her [plaintiff's] behalf tended to prove this contention, and under the rule well established that on motion for nonsuit every fact will be deemed proved which the evidence tends to prove (*State ex rel. Pigott* v. *Benton,* 13 Mont. 306, 34 Pac. 301; *Morse* v. *Granite County Commissioners,* 19 Mont. 450, 48 Pac. 745; *Cain* v. *Gold Mt. Mining Co.,* 27 Mont. 529, 71 Pac. 1004), the evidence should have gone to the jury, and the motion for nonsuit was properly denied." (*Coleman* v. *Perry,* 28 Mont. 1, 72 Pac. 42.) So, in this case, plaintiff having alleged negligence on the part of

the defendant in not providing reasonably safe machinery upon which the plaintiff was directed to work by the defendant's agents, and in not keeping it in such condition, and that the injury complained of resulted from the use thereof, and the evidence introduced on her behalf clearly tending to maintain her position, the motion for a nonsuit was properly overruled.

4. The next point insisted upon by appellant is that the court should have directed the jury to render a verdict in favor of the defendant. Section 1104, Code of Civil Procedure, provides: "Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." If substantial evidence had been introduced prior to the motion, which in any way or manner tended to support plaintiff's contention, then the weight of the evidence became a question for the jury, and the court properly refused a motion to direct a verdict for the defendant. (*Cain* v. *Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004; *Michener* v. *Fransham,* 29 Mont. 240, 74 Pac. 448.)

5. Counsel allege error in the admission and rejection of evidence. We have carefully examined these alleged errors, and cannot say that appellant was in any way injured by the rulings of the court thereon.

6. Instructions of the court. Appellant alleges error in the court's refusal to give instructions Nos. 5 and 6 requested by him, and in giving instructions Nos. 2, 8 and 10. We are of the opinion that the court below did not err in refusing to give defendant's instructions Nos. 5 and 6 as requested. The charge of the court as given is very full, and sufficiently instructs the jury upon the propositions covered by these requests. Neither do we conclude that the court erred in giving instructions Nos. 2, 8 and 10. Perhaps these instructions are somewhat inaccurate in language, but they must be considered in connection with the other parts of the charge as given. We are of the opinion that appellant cannot complain of the giving of these instructions, as the charge as a whole states the law

as applicable to the case at bar as the case was presented to the court below.

The tenth specification of error relates to the following portion of instruction No. 16: "And you may find for the plaintiff in any reasonable amount not to exceed $5,000, and may include any reasonable sum you may find plaintiff expended for medical attention." The entire instruction as given was as follows: "The jury are further instructed that if, under the evidence and instructions of the court, they find for the plaintiff, then in estimating the plaintiff's damage they have the right to take into consideration the personal injury inflicted upon the plaintiff, the pain and suffering undergone by her in consequence of her injury, if any is proven, and you may also consider the extent of the injury as to being permanent or not, and you may find for the plaintiff in any reasonable amount not to exceed five thousand dollars ($5,000), and may include any reasonable sum you may find plaintiff expended for medical attention if the proof shows that she expended any." It will be noticed that counsel for appellant does not quote the conclusion of the instruction in the following words: "If the proof shows that she has expended any." By this instruction, therefore, the jury were told that plaintiff might recover any reasonable sum she had expended for medical attention, if the proof showed that she had expended any. The proof is uncontradicted that she had spent $75 for this purpose. We do not think the instruction under the evidence was harmful.

Again, if appellant had desired to ascertain the amount of money allowed plaintiff for the injury and for the moneys expended, he could have requested a separate verdict stating the amount given for each purpose. This was not attempted, and the verdict is general, and, inasmuch as the plaintiff claimed $5,000 for the injury alone, and the verdict is only for $2,000, we cannot see that appellant could have been injured.

A careful examination of all the evidence disclosed by this record leads one to the conclusion that plaintiff made out a very unsatisfactory case, but there was sufficient substantial

evidence in plaintiff's favor, which was fairly submitted to a jury, and this court upon an appeal from the judgment cannot interfere with the verdict rendered.

We advise that the judgment appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment appealed from is affirmed.

