BEAN, RESPONDENT, *v.* MISSOULA LUMBER CO., APPELLANT.

(No. 2,712.)

(Submitted October 30, 1909.  Decided November 13, 1909.)

[104 Pac. 869.]

*Contracts—Breach—Trial—Continuance—District Judges—Disqualification—Change of Venue—Waiver—Evidence—Hearsay—Directed Verdict.*

Trial—Continuance—Absent Witness—Insufficient Showing of Diligence.
    1. A continuance asked for by defendant on the ground that one of its material witnesses, who then was, and for some months before had been, a nonresident of the state, was unable to attend on account of illness, was properly denied, where the cause had been at issue for several months and where the moving party had failed to make any showing of diligence to secure the evidence of the witness by deposition.

Same—Disqualification of Judges—Change of Venue—Waiver.
    2. Where defendant had filed an affidavit disqualifying a district judge, and with it a motion that the cause be transferred to some other district for trial (which motion, however, had never been called to the attention of the judge for official action), but thereafter permitted it to be set for hearing in the court in which it was commenced, and then consented to having it reset, knowing that arrangements were being made to call in a judge from another district, and upon the arrival of such judge asked for a postponement because of the absence of a witness, without referring to the motion to transfer, it waived the right to have the cause transferred and could not thereafter assert that the judge who tried it was without jurisdiction.

Same—Evidence—Exclusion—Bill of Exceptions—Record.
    3. The action of the court in excluding a letter offered in evidence will not be reviewed unless the writing is incorporated in a bill of exceptions.

Same—Evidence—Motion to Strike—Discretion.

4. *Obiter:* The district court may, in its discretion, strike out incompetent evidence which had been admitted without objection.

Same—Evidence—Hearsay—Timely Objection.

5. An affidavit of counsel, made in support of a motion for a continuance (which was denied), averring the facts to which an absent witness would testify if present, was incompetent, as hearsay, in the absence of an admission by the adverse party that the witness would testify as alleged; and an objection to its admissibility, after it had been partially read, was timely.

Same—Evidence—Erroneous Admission—Curing Error.

6. Where the only evidence offered in behalf of defendant was an affidavit, which was incompetent as hearsay, and an objection to which had been erroneously overruled, the court's action, in subsequently directing a verdict in favor of plaintiff, was equivalent to striking it out and cured the error theretofore committed in overruling the objection; hence defendant suffered no prejudice.

Same—Directing Verdict—When Proper.

7. Where the evidence of the plaintiff in support of his claim was clear and satisfactory, and that of defendant consisted of an affidavit which was hearsay, a case was presented in which, under section 6761, Revised Codes, the court was authorized to direct a verdict in plaintiff's favor.

*Appeal from District Court, Ravalli County; J. M. Clements, Judge of the First Judicial District, presiding.*

ACTION by D. V. Bean against the Missoula Lumber Company. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Affirmed.

The cause was submitted on briefs of counsel.

*Mr. Edward C. Mulroney,* for Appellant.

*Mr. R. A. O'Hara,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On August 11, 1905, the plaintiff and defendant entered into a contract in writing, by the terms of which the plaintiff agreed to sell and deliver to the defendant on board of cars at his mill sawed pine lumber at stipulated prices per thousand, according to specified dimensions. The amount to be so delivered was 6,000,-000 feet. Among other things, it was stipulated that shop and

clear lumber should be loaded directly from the saw, but in case a full car of this quality could not be obtained at any one time, and it became necessary to wait for it to accumulate, it was in the meantime to be so piled that it would not mold and become discolored.  On lumber of this quality so piled during any month the defendant was to advance to plaintiff $5 per thousand on the twentieth day of the month following.  For all lumber actually shipped prior to the twentieth day of each month the defendant was to pay in full on that date, less any advances made upon lumber piled.  As a cause of action it is alleged that, in pursuance of the contract, plaintiff, between November 30, 1905, and February 6, 1906, made shipments from time to time of lumber of the dimensions and quality required, the value of which, at the prices stipulated, was $1,050.52; that all of the shipments so made were accepted and received by defendant, but that it failed and refused, and still fails and refuses, to pay to the plaintiff the amount due thereon, or any part thereof, though demand has been made for payment.  Judgment is demanded for this amount and for costs.

The answer admits the execution of the contract, but denies all the other material allegations in the complaint.  It is then alleged by way of counterclaim that on or about February 6, 1906, the plaintiff, without just cause and without the consent of the defendant, refused to carry out the contract, and now refuses to complete it by continuing shipments; that up to that time the defendant faithfully observed all its terms and stipulations, and now stands ready and willing to fulfill all of its obligations thereunder; and that, by reason of plaintiff's breach of the terms thereof by him to be kept and performed, the defendant has been compelled to buy lumber from other mills at much higher prices, whereby it has suffered a loss of $12,066.64. Judgment is demanded for this amount.  There was issue by reply.  Plaintiff had verdict and judgment.  Defendant has appealed from the judgment and an order denying its motion for a new trial.

1. Contention is made that the court erred in refusing to grant to defendant a postponement of the trial because of the absence of one Wendorf, a witness who was expected to be present and testify in defendant's favor. The application was made upon affidavit by defendant's counsel. Besides setting forth the facts to which the witness would testify, the affidavit shows that the witness was a resident of the state of Idaho; that he was then in that state and had been for some months; that he was the only witness who could testify to the facts set forth; that the defendant expected to have him present, but that, after the cause was set for trial, counsel ascertained that he was ill at his home and was unable to attend; and that, if granted a postponement, he could secure the attendance of the witness in person. However meritorious the application may have been in other respects, it was properly denied, because it wholly failed to show diligence by defendant in its efforts to secure the evidence of the witness. The cause had been at issue for several months. The witness was a nonresident of the state of Montana, and beyond the jurisdiction of the court. If the defendant chose to rely upon his promise to attend—if he did make such promise—it did so at its own risk. Under the circumstances, the only safe course to pursue was to take the deposition of the witness. The refusal to grant a continuance was, under the circumstances, not such an abuse of discretion as to call for interposition by this court. The case of *State* v. *Metcalf*, 17 Mont. 417, 43 Pac. 182, cited by counsel, is not in point. Though the application there made showed that the witness resided in the state of Kansas, it appeared that the defendant knew nothing of his whereabouts until within so short a time before the trial that it was impossible to take his deposition, and the postponement was asked in order that the defendant might be given time to take it.

2. Ravalli county is one of the three counties composing the fourth judicial district. The trial was had on April 3, 1908. On September 16, 1907, the defendant, through its counsel and under the provisions of the statute (Revised Codes, sec. 6315, subd. 4), had made and filed with the clerk of the district court

of Ravalli county an affidavit disqualifying Honorable Frederick C. Webster, one of the two judges presiding in that district. The affidavit was accompanied by a motion asking that the cause be transferred to some other district, under the provisions of section 6506, Revised Codes. Honorable Henry C. Myers, the other judge, was also disqualified by reason of his connection with the case as counsel before his appointment. By joint order of the judges the district had theretofore been divided into two departments; the first consisting of Missoula county, and the second of Ravalli and Sanders counties. Judge Webster presided in Missoula county, and Judge Myers in the other two counties. The motion for the transfer had never been called to the attention of either of the judges for official action. In the meantime, notwithstanding the pendency of the motion, the cause had once during the year been set for trial by Judge Myers, presumably upon an understanding between himself and counsel that he would call in some judge who was not disqualified. By agreement the trial was postponed before the day fixed, and at the same time it was stipulated that the cause should be set for trial for some date early in the year 1908. At some time during the early part of the year—exactly when does not appear —April 2 was fixed as the date of the trial, and Honorable J. M. Clements, of the first district, was on that day present to preside. On April 3, after the application for postponement had been disposed of and a jury was about to be selected, objection was made by counsel for defendant that Judge Clements was without jurisdiction to proceed with the trial, and it was demanded that the cause be transferred to another district.

When a judge is disqualified in any cause for any of the reasons enumerated in section 6315, *supra,* and a motion is made to transfer it, the moving party is entitled to have the transfer made, subject, however, to the proviso that, if a qualified judge is called to try it and appears for that purpose within thirty days, no transfer may be made. The motion is thus held suspended for this length of time. But, notwithstanding the transfer may then be demanded, the moving party is not bound to

demand it, and, if he does not, but thereafter has the cause set for hearing, he must be conclusively presumed to have waived the right to have it transferred.  Here the defendant, after making its motion, permitted the cause to be set forth for hearing once without objection, and then consented to have it set again, knowing that arrangements were being made to have a qualified judge present to hear it.  More than this, its counsel had applied to Judge Clements for a postponement without referring to the motion.  This is a sufficient reason, if there were no other, why counsel cannot insist that the defendant has suffered prejudice by being required to submit its cause to Judge Clements.

3. The witness Lewis was by stipulation in the contract made the agent of plaintiff to receive payments from defendant for shipments of lumber by plaintiff from month to month.  He was called by defendant to identify a letter written by himself to the witness Wendorf on behalf of the plaintiff.  Wendorf was, when the letter was written, a resident of Montana, and was in the employ of defendant.  The letter was then offered in evidence, but, upon objection by plaintiff's counsel, it was excluded as incompetent.  It is argued that the ruling was erroneous because the letter contained declarations and admissions by which plaintiff should be held bound, and which were material to establish defendant's denials and counterclaim.  The letter is not in the record.  We therefore have no means of knowing its contents, and cannot say whether it contained any statement that would have aided the defendant.  To enable this court to review the ruling of the district court, it was incumbent upon counsel to incorporate the letter in his bill of exceptions.  (*Tague* v. *Caplice Co.*, 28 Mont. 51, 72 Pac. 297.)

4. The motion for a postponement was denied without any requirement that plaintiff admit that the witness Wendorf, if present, would testify to the facts stated in the affidavit of counsel.  No admission was made in this connection.  The only evidence offered by counsel for defendant in its behalf other than the letter of Lewis was this affidavit.  Counsel for defendant read a portion of it to the jury without objection.  Thereupon objec-

tion was made by counsel for plaintiff that it was hearsay, and therefore incompetent. The objection was overruled. Counsel for defendant having rested the case, counsel for plaintiff made the following motion: "I move to strike out the counterclaim. There is no evidence to support or sustain it, and move the court at this time for a judgment of nonsuit on the counterclaim of the defendant, for the reason that no damages have been shown or proven of any breach of contract on the part of the plaintiff, Bean." After argument the motion was sustained, and the jury were directed to return a verdict for plaintiff for the amount demanded. It is said that this evidence tended to support the allegations contained in defendant's answer, and hence that the conflict presented by it upon plaintiff's evidence could only be resolved by the jury under proper instructions. The evidence was clearly incompetent. It was nothing more than a hearsay statement by counsel of what he had learned from Wendorf. The objection to it before it had substantially all been read was timely, and it should have been excluded. The sustaining of the motion, however, and the direction to the jury to return a verdict for plaintiff, was equivalent to striking it out, and consequently a correction of the error made in admitting it. Even had it all gone in without objection, it was still within the discretion of the court to strike it out. (*People* v. *Wallace,* 89 Cal. 158, 26 Pac. 650.) The direction to the jury amounted to an instruction that they should disregard it. The result was not prejudicial to the defendant.

5. Nor did the court err in directing a verdict. When the evidence in support of plaintiff's case consists entirely of his own statements, and these are not entirely clear and satisfactory, a question as to the credibility of the witness is presented, which should be submitted to the jury. (*Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934.) But when the evidence is clear and satisfactory, and of such character that, if it should be submitted to the jury and a verdict be rendered contrary to it, the court would be required to set the verdict aside, then the court may direct a verdict. Such was the condition in this case. As we

have already said, the direction of the court had a double force. It was tantamount to an explicit instruction that the affidavit was illegal evidence, and should be disregarded. It also was a determination as a question of law that the evidence introduced by plaintiff furnished ground for but one inference, viz., that the amount demanded by plaintiff was justly due. A case was presented in which under the statute the court was authorized to direct a verdict. (Revised Codes, sec. 6761; *Michener* ·v. *Fransham,* 29 Mont. 240, 74 Pac. 448; *Ball* **v.** *Gussenhoven,* 29 Mont. 321, 74 Pac. 871.)

Let the judgment and order be affirmed.

˙ *Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.